UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60262-RAR

**RONALD S. ALEXANDER**,

    Petitioner,

v.

**RICKY DIXON, SECRETARY OF
DEPARTMENT OF CORRECTIONS**,

    Respondent.
_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION

**THIS CAUSE** is before the Court upon a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which the Petitioner, Ronald S. Alexander, attacks the constitutionality of a sentence imposed by the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. 03-16861CF10A. *See* Petition ("Pet.") [ECF No. 1]. In conducting a preliminary review as required by Rule 4 of the Rules Governing Section 2254 Proceedings, the Court expressed concern that the Petition "may be untimely under the provisions of 28 U.S.C. § 2244(d)." Limited Order to Show Cause [ECF No. 3] at 1. To better ascertain the Petition's timeliness, the Court ordered Respondent "to show cause as to whether the Petition is timely." *Id.* Respondent filed a Response to the Court's Limited Order to Show Cause, arguing that Petition is untimely by several years. *See* Timeliness Response ("Resp.") [ECF No. 6] at 9 ("Thus, at the very minimum a lapse of 2,359 days is present in this case. It would therefore appear that Petitioner is time barred from relief pursuant to 28 U.S.C. § 2244(d)."). After considering the Response, the Court agrees that the instant Petition is time-barred under § 2244(d) and must be **DISMISSED**.

## **TIMELINESS ANALYSIS**

### A. *The Petition is Untimely Under § 2244(d)(1)(A)*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations for state prisoners to bring § 2254 petitions in federal court. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). AEDPA's limitations period is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). To be "properly filed," as that term is used, a postconviction motion's "delivery and acceptance [must be] in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Respondent argues that <u>at least</u> 2,359 days of untolled time have passed since Petitioner's judgment became final under § 2244(d)(1)(D), meaning that the Petition is time-barred. *See* Resp.

at 9.  The Court agrees that the Petition is years overdue.  To illustrate, the Court will recount Petitioner's state court procedural history.

The State of Florida charged Petitioner with attempted first-degree murder with a firearm, in violation of Fla. Stat. § 782.04(1)(a), on October 10, 2003.  *See* Amended Information [ECF No. 8-1] at 2–3.  On September 11, 2006, a Broward County jury found Petitioner guilty of attempted second-degree murder, a lesser-included offense.  *See* Verdict [ECF No. 8-1] at 18–19.  The trial court adjudicated Petitioner guilty and sentenced him to a mandatory minimum sentence of twenty-five years in the Florida Department of Corrections.  *See* Sentencing Order [ECF No. 8-1] at 27–29.  Petitioner appealed his conviction and sentence, but, on November 12, 2008, Florida's Fourth District Court of Appeal ("Fourth DCA") summarily affirmed the trial court in an unwritten opinion.  *See Alexander v. State*, 995 So. 2d 509 (Fla. 4th DCA 2008).

A judgment becomes final under § 2254(d)(1)(A) when "[the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).  As the Eleventh Circuit has explained, "the time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate."  *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up).  Stated plainly, for petitioners who do not (or cannot) seek discretionary review from the Florida Supreme Court, the judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence.  *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006).  In this case, Petitioner's

judgment was affirmed on November 12, 2008, so his conviction became final ninety days later on February 10, 2009. AEDPA's limitations period began to toll the next day—February 11, 2009. *See* FED. R. CIV. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period.").

Petitioner did not file an "application for State post-conviction or other collateral review" until February 23, 2010,[1] when he filed a *pro se* petition for writ of habeas corpus in the Fourth DCA alleging that his appellate counsel had rendered ineffective assistance of counsel "for failing to raise a claim of ineffective assistance of trial counsel[.]" State Habeas Petition [ECF No. 8-1] at 164 (emphasis added). There were **378 days** of untolled time between the date Petitioner's conviction became final (February 10, 2009) and the date Petitioner filed a motion seeking collateral relief in state court (February 23, 2010). *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("The AEDPA clock continues to run until the individual seeking review files a state motion for post-conviction relief."). This means that Petitioner had already run out of time to file a federal § 2254 petition under § 2244(d)(1)(D) all the way back in 2010 since more than a year of untolled time had elapsed. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").

But, of course, an even larger amount of untolled time has passed since then. The Fourth DCA ultimately denied the habeas petition on April 7, 2010, holding that "[a]ppellate counsel is not deficient for failing to raise claims of ineffective assistance of trial counsel on direct appeal"

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

because "the appropriate place to raise a claim of ineffective assistance of trial counsel is a [FLA. R. CRIM. P. 3.850] motion, not on direct appeal." *Alexander v. State*, 32 So. 3d 716, 717 (Fla. 4th DCA 2010).  The Fourth DCA's mandate issued on June 25, 2010.  *See* State Habeas Petition Mandate [ECF No. 8-1] at 188.  Since the state courts' review of Petitioner's state habeas petition ended after the Fourth DCA issued its mandate, the AEDPA clock immediately resumed on June 26, 2010.  *See San Martin*, 633 F.3d at 1266 ("The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief." (citing *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007))).[2]

AEPDA's clock ran again from June 26, 2010, until Petitioner filed a Rule 3.850 postconviction motion in the state trial court on December 9, 2010.  *See* Postconviction Motion [ECF No. 8-1] at 192–201.  That is another **167 days** of untolled time.  The state court denied Petitioner's Postconviction Motion on February 2, 2011.  *See* Order Denying Postconviction Motion [ECF No. 8-1] at 206.  Petitioner appealed, and the Fourth DCA summarily affirmed the lower court on June 20, 2012.  *See Alexander v. State*, 96 So. 3d 904 (Fla. 4th DCA 2012).  Because the Fourth DCA's mandate issued on October 5, 2012, the AEDPA clock began to run again on October 6, 2012.  *See* Postconviction Mandate [ECF No. 8-1] at 229.

Petitioner took <u>over six years</u> to file a new state motion for postconviction relief when, on March 22, 2019, he filed a "Second Motion for Postconviction Relief" pursuant to FLA. R. CRIM. P. 3.850(h).  *See* Second Postconviction Motion [ECF No. 8-1] at 233–48.  However, the state

---

[2]  Petitioner attempted to appeal the Fourth DCA's decision to the Florida Supreme Court, but the state supreme court dismissed the case *sua sponte* on July 26, 2010, after Petitioner failed "to timely file the jurisdictional initial brief with appendix[.]" *Alexander v. State*, 42 So. 3d 799, 799 (Fla. 2010).  Since Petitioner failed to file the required jurisdictional brief with the Florida Supreme Court, this appeal was not "properly filed" and did not toll the AEDPA limitations period.  *See Artuz*, 531 U.S. at 8 ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").  At the end of the day, however, the Court's decision not to toll this extra month is irrelevant to its timeliness analysis since the Petition is untimely by a magnitude of years.

postconviction court found that the Second Postconviction Motion was both untimely and an unauthorized successive postconviction motion under Florida law. *See* Order Denying Second Postconviction Motion [ECF No. 8-2] at 4. The Fourth DCA affirmed this decision on March 5, 2020. *See Alexander v. State*, 292 So. 3d 749 (Fla. 4th DCA 2020). The long and short of it is that the Second Postconviction Motion was not properly filed and, consequently, did not toll the AEDPA clock even while it was pending in state court. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1352 (11th Cir. 2018) ("[A] state post-conviction motion is not, and cannot ever be, 'properly filed' if it was rejected by the state court as untimely.").

Petitioner filed a "Motion to Correct Illegal Sentence" under FLA. R. CRIM. P. 3.800(a) on January 22, 2021. *See* Motion to Correct Illegal Sentence [ECF No. 8-2] at 59–64. This was the first properly filed postconviction motion pending before a state court since the Fourth DCA issued its mandate affirming the denial of Petitioner's original Rule 3.850 motion on October 5, 2012. *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019) (holding that "a motion to correct an illegal sentence filed pursuant to Rule 3.800(a)" is a tolling motion under § 2244(d)(2)). The length of time between these pending, "properly filed," state applications for collateral relief—October 6, 2012 through January 22, 2021—is an astonishing **3,031 days**.

The state court denied the Rule 3.800(a) motion, and the Fourth DCA again affirmed the state postconviction court on October 28, 2021. *See Alexander v. State*, 327 So. 3d 842 (Fla. 4th DCA 2021). The Fourth DCA's mandate issued on December 30, 2021. *See* Motion to Correct Illegal Sentence Mandate [ECF No. 8-2] at 100. AEDPA's clock resumed the next day on December 31, 2021. Although Petitioner attempted to invoke the Florida Supreme Court's discretionary jurisdiction, *see* Notice to Invoke Discretionary Jurisdiction [ECF No. 8-2] at 102, the state supreme court dismissed the case and held that it "lack[ed] jurisdiction to review an

unelaborated decision from a district court of appeal that is issued without an opinion or explanation," *Alexander v. State*, No. SC22-161, 2022 WL 332821, at *1 (Fla. Feb. 4, 2022). As a result, Petitioner's unsuccessful attempt to appeal to the Florida Supreme Court also did not toll any time under § 2244(d)(2). *See Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006) ("Though Bismark filed a notice with the Florida Supreme Court on June 12, 2001, seeking review of the denial of the motion, the § 2244(d) limitations period was not tolled further because his petition with the Florida Supreme Court was not 'properly filed' since the order appealed from was *per curiam*.").

The instant Petition was filed in this Court on February 3, 2023. *See* Pet. at 15. That is **400 days** after the Fourth DCA's December 31, 2022 mandate affirming the denial of his Rule 3.800(a) motion. When the Court adds each of the periods of untolled time together (378 + 167 + 3,031 + 400), it concludes that **3,976 days** of untolled time have passed since Petitioner's criminal judgment became final on February 23, 2010. That is nearly **eleven years**' worth of untolled time. Petitioner's only argument in opposition to this sobering calculation is that his Rule 3.800(a) motion "cannot be counted towards the period of limitation until Petitioner has exhausted all state remedies." Pet. at 13. This is correct, but the 3,976 days of untolled time already does not include the January 22, 2021 through December 30, 2022 period that his Rule 3.800(a) motion was pending in state court. Based on this record, then, the Court emphatically finds that the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

### B.  *No Other Timeliness Exception Applies*

Even if a Petition is untimely under § 2244(d)(1)(A), there are at least three ways a habeas petitioner can overcome this time-bar. *First*, the petitioner can show that his petition was properly filed within one year of the three alternative AEDPA limitation periods. *See* 28 U.S.C. §

2244(d)(1)(B)–(D). *Second*, the petitioner can avail himself of "equitable tolling" by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 336. *Third*, a habeas petitioner who makes "a credible showing of actual innocence [can] pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). None of these exceptions, however, apply to the instant Petition.

To start, the other limitation periods of § 2244(d)(1) do not apply. Petitioner's sole claim in the Petition is that "the trial court violated Petitioner's 14th Amendment of the U.S. Constitution by failing to correct a patently illegal sentence where the written sentence didn't conform to the oral pronounced sentence." Pet. at 5 (errors in original). This claim does not rely on an "impediment to filing an application created by State action," a "newly recognized" constitutional right, or a "factual predicate . . . [that] could [not] have been discovered [earlier] through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)–(D). In short, the Petition cannot be considered timely under these alternative limitation periods.

Neither equitable tolling nor actual innocence apply either. For either one of these exceptions to apply, the habeas petitioner bears the burden of presenting evidence showing that he or she is entitled to rely on these equitable exceptions. *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) ("The <u>petitioner</u> has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time." (citation and internal quotation marks omitted)); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"

(quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995))). Petitioner does not allege that an "extraordinary circumstance" can excuse his years-long delay in filing his Petition, nor does he present "new reliable evidence" showing that he is "actually innocent" of the crime he was convicted of. *See generally* Pet.

The instant Petition is not timely under any of the limitation periods of § 2244(d)(1) nor does Petitioner allege that the Petition is timely under one of the available equitable exceptions. For these reasons, the Petition must be **DISMISSED** as time-barred.[3]

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that

---

[3] Finally, the Court observes that Petitioner failed to either pay the required $5.00 filing fee or file a motion to proceed *in forma pauperis*—even though the Court ordered him to do so on or before March 13, 2023. *See* Limited Order to Show Cause [ECF No. 3] at 2. Since Petitioner failed to pay the filing fee and did not comply with this Court's previous Order, the Court has a second, independent basis to dismiss the Petition under FED. R. CIV. P. 41(b). *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))).

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims" the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not find the Court's procedural ruling that the Petition is untimely to be debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami Florida, this 27th day of March 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**